Formatted for Electronic Distribution                                                                                                           Not for Publication

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
April 22, 2014

In re:
    **Lindalee Hayden,**                                                                                                                            Chapter 7
            **Debtor.**                                                                                                                                  Case # 13-10865

### MEMORANDUM OF DECISION
#### DENYING APPROVAL OF REAFFIRMATION AGREEMENT

      Pending before the Court is a reaffirmation agreement filed by creditor American Honda Finance Corp. ("American Honda") on behalf of itself and Lindalee Hayden (the "Debtor"). The reaffirmation agreement pertains to the Debtor's leased 2013 Honda Civic. Based on the contents of the reaffirmation agreement and the record before the Court, it appears that the Debtor is attempting to assume her 2013 Honda Civic lease through the filing of a reaffirmation agreement. No opposition or response to the reaffirmation agreement has been filed. However, to ensure that the practices and procedures in this Court conform to the requirements of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure, the Court has determined, sua sponte, to address whether the filing of a reaffirmation agreement is an appropriate way to obtain court approval of a lease assumption in Chapter 7. For the reasons set forth below, the Court determines this is not the proper procedure, and therefore denies approval of the instant reaffirmation agreement.

### JURISDICTION

      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. The Court declares the issue set forth in the instant motion to be a core matter under 28 U.S.C. § 157(b)(2)(M) and (O), over which this Court has constitutional authority to enter a final judgment. Additionally, 11 U.S.C. § 105(a)[1] permits this Court, sua sponte, to "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules," and generally to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

---

[1] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

## BACKGROUND

On December 16, 2013, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code (doc. # 1). On her Schedule B, the Debtor listed an interest in a 2013 leased Honda Civic, with a value of $0. On March 17, 2014, American Honda filed a reaffirmation agreement which American Honda and the Debtor had executed (doc. # 7). Under Part I, Section A: Brief description of the original agreement being reaffirmed, American Honda wrote "Lease Agreement."

## DISCUSSION

This Court has not previously addressed the issue of whether a lease may be assumed through the filing of a reaffirmation agreement. There are two schools of thought which have developed with respect to this question. The issue calls into question application of two Bankruptcy Code provisions, §§ 524(c) and 365(p), which, respectively, provide as follows:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
> (1)  such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;
> (2)  the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
> (3)  such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that—
>   (A)  such agreement represents a fully informed and voluntary agreement by the debtor;
>   (B)  such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and
>   (C)  the attorney fully advised the debtor of the legal effect and consequences of—
>     (i)  an agreement of the kind specified in this subsection; and
>     (ii)  any default under such an agreement;
> (4)  the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
> (5)  the provisions of subsection (d) of this section have been complied with; and
> (6)
>   (A)  in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—
>     (i)  not imposing an undue hardship on the debtor or a dependent of the debtor; and

2

     (ii)  in the best interest of the debtor.
    (B)  Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

11 U.S.C. § 524(c).

 (p)
  (1)  If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.
  (2)
    (A)  If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
    (B)  If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.
    (C)  The stay under section 362 and the injunction under section 524 (a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.
  (3)  In a case under chapter 11 in which the debtor is an individual and in a case under chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under section 362 and any stay under section 1301 is automatically terminated with respect to the property subject to the lease.

11 U.S.C. § 365(p).

  The first line of cases "hybridizes" the treatment of reaffirmation agreements filed under § 524 and debtors' assumptions of leases under § 365(p). See In re Eader, 426 B.R. 164 (Bankr. D. Md. 2010); In re Creighton, 427 B.R. 24 (Bankr. D. Mass. 2007). The decisions in these cases permit a debtor to assume a pre-petition lease without filing a motion or obtaining court approval, provided the lease assumption agreement does not require the debtor to assume personal liability for pre-petition sums due.  If the lease assumption agreement does require the debtor to reaffirm any pre-petition liability on the lease – which most do – the agreement must be filed and meet all the requirements for a reaffirmation agreement under § 524(c).  In sum, under these cases, the typical lease assumption agreement is merely a "species of reaffirmation agreement." In re Creighton, 427 B.R. at 28.  This Court finds the salient Bankruptcy Code provisions do not seem consistent with this conclusion and therefore will not follow this line of cases.

The other line of cases, embodied by the decision in In re Ebbrecht, 451 B.R. 241 (Bankr. E.D.N.Y. 2011), hold that reaffirmations and lease assumptions are statutorily distinct and warrant distinct treatment. See also In re Perlman, 468 B.R. 437 (Bankr. S.D. Fla. 2012); In re Mortensen, 444 B.R. 225 (Bankr. E.D.N.Y. 2011). In addressing the same issue as is presented here, the court in Ebbrecht reasoned that "[r]eaffirmation of a debt secured by property owned by the debtor under section 524(c) of the Bankruptcy Code is not equivalent to assumption of a lease for personal property owned by a creditor under section 365(p), and each undertaking imposes different steps and confers different rights upon the parties to the respective agreements." Id. at 246 (citing In re Mortensen, 444 B.R. at 226)). Consequently, that court denied approval of the reaffirmation agreement before it. The court supported its conclusion with analysis of numerous statutes as well as legislative policy rationale:

> Had Congress intended the lease assumption and reaffirmation agreement provisions of the Bankruptcy Code to be interchangeable, it would have said so, but has not. Further, had Congress intended for leases to be both assumed under Section 365(p) and reaffirmed under Section 524, it would have said so, but again, has not. Congress clearly intended to provide two separate provisions covering two very different situations, and adopted two very different procedures. The unique timing mechanics of these two Code sections are quite different: Section 524 requires reaffirmation before discharge, but Section 365(p) does not; failure to adhere to the specific timing mechanics for a reaffirmation agreement will result in a court not being empowered to approve it, while a lease assumption may be filed at any time; although substantial disclosures are required for a reaffirmation agreement under Section 524(k), none is militated under 365(p); the court assumes a gatekeeper role in determining whether to approve a proposed reaffirmation agreement, but has no involvement in review or consideration of a chapter 7 debtor's personal property lease assumption; and, finally, the procedures for entering into a lease assumption, for example, beginning with the handshake, has no similar protocol in Section 524.
>
> Further, allowing or requiring reaffirmation of the debts underlying an assumed personal property lease creates the possibility of an anomalous result where a lease is assumed without court review or approval under Section 365(p), yet reaffirmation of the personal liability for the lease debt is disapproved under Section 524. Congress could not have intended for such an anomaly, particularly considering that Section 365(p)(2)(B) provides that the liability under a lease assumed by the chapter 7 debtor is a liability of the debtor and not of the estate.

In re Ebbrecht, 451 B.R. at 247.

This Court finds the Ebbrecht statutory scrutiny to be both logically compelling and consistent with the intent and language of the Bankruptcy Code. This Court therefore holds that for a debtor to assume an unexpired lease of personal property, the debtor must follow the procedures in § 365(p), and, when applicable, Fed. R. Bankr. P. 6006 and Vt. LBR 6006-1. Here, American Honda and the Debtor failed to do that, and instead filed a reaffirmation agreement referencing the vehicle lease.

Having found the reaffirmation agreement was not the appropriate mechanism for the parties to utilize to effectuate – or obtain court approval of – the Debtor's assumption of the American Honda pre-petition vehicle lease, the Court turns next to the proper procedure for assuming a lease in a Chapter 7 case and whether court approval is required. Section 365 sets forth a distinct – and rather informal – three-step procedure for assuming a lease in Chapter 7: First, the debtor must express an interest in assuming the lease. Next, the lessor must respond that it is interested in allowing the debtor to assume the lease and set out its terms for continuing the lease with the debtor. Last, the debtor must accept the lessor's offer and terms of assumption. See 11 U.S.C. § 365(p)(2). Significantly, the statute imposes no requirement that a Chapter 7 debtor (or the putative lessor) file a motion to assume the lease, or obtain court approval of the lease assumption or terms. This observation is reinforced in the leading bankruptcy law treatise. See Collier on Bankruptcy ¶ 6006.01[5] (15th ed. rev. 2012) (entitled: Individual Chapter 7 Debtor Can Assume a Personal Property Lease Without Filing a Motion or a Notice"): see also In re Rogers, 359 B.R. 591, 593 (court declined to enter order when Chapter 7 debtor filed motion to approve lease assumption because motion unnecessary). Thus, in Chapter 7, the procedure for assuming a lease is articulated in § 361(p)(2) and neither court approval nor compliance with Fed. R. Bankr. P. 6006 is required. [2]

## CONCLUSION

For the reasons set forth above, the Court finds that the Debtor and American Honda failed to follow the procedures established by the Bankruptcy Code when they filed a reaffirmation agreement to evidence their agreement for the Debtor to assume the American Honda lease, and this Court will not approve the Motion since it is based upon a reaffirmation agreement. If the Debtor wishes to assume the American Honda lease relating to her 2013 Honda Civic, the parties must follow the procedure set out in § 365(p)(2), and court approval is not required.

This constitutes the Court's findings of fact and conclusions of law.

_Colleen A Brown_

April 22, 2014  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[2] Parties in this District often wish to have court approval of agreements that do not require approval under the Bankruptcy Code and Rules. Therefore, although this Court's Local Rules do not require a Chapter 7 debtor file a motion to approve the assumption of a lease, they do provide a mechanism for obtaining a court order approving lease assumption, when the parties wish to have an order memorializing and approving their agreement:
> The Court will not approve a motion to assume a lease in a Chapter 7 case without case trustee consent unless a Trustee's Final Report has been filed.

Vt.LBR. 6006-1. The time frame for filing a final report in a no asset case generally coincides with the 60-day time period for the trustee to assume or reject a lease of personal property pursuant to §365(d).